**PAYTON EMPLOYMENT LAW, P.C.**
CHANTAL MCCOY PAYTON, ESQ. (SBN: 293215)
BROOKE WILKINSON WALDROP, ESQ. (SBN: 314486)
3807 W. Sierra Highway, Suite 206
Acton, California 93510
Telephone: (661) 434-1144
Facsimile: (661) 434-1144
CPayton@PaytonEmploymentLaw.com
BWaldrop@PaytonEmploymentLaw.com

Attorneys for Plaintiff KENRICK MURRELL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENRICK MURRELL, an individual, <br><br> Plaintiff, <br><br> v. <br><br> EG MEDIA INVESTMENTS LLC, a Texas limited liability company; DOES 1-10, business entities, forms unknown; DOES 11-20, individuals; and DOES 21-30, inclusive, <br><br> Defendants. | Case No.: <br><br> **Plaintiff Kenrick Murrell's Complaint For:** <br><br> 1. **Failure to Pay Minimum Wages (L.C. §§ 1194, 1197, 1197.1 and Wage Order 4-2001);** <br> 2. **Liquidated Damages for Failure to Pay Minimum Wages (L.C. § 1194.2);** <br> 3. **Breach of Contract;** <br> 4. **Failure to Pay Overtime Wages (L.C. §§ 204, 510, 1194, and Wage Order 4-2001);** <br> 5. **Failure to Pay Minimum Wage in Violations of FLSA 29 U.S.C. § 206; Action for Liquidated Damages;** <br> 6. **Failure To Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. §§ 201, et Seq., Including 29 U.S.C. §§ 207; Action for Liquidated Damages;** <br> 7. **Retaliation (L.C. § 1102.5 (b));** <br> 8. **Wrongful Termination in Violation of Public Policy;** <br> 9. **Failure to Pay Wages Promptly after Termination/Waiting Time Penalties (L.C. §§ 202 and 203);** <br> 10. **Failure to Pay Vested Vacation Time (L.C. §§ 227.3 and 201); and** <br> 11. **Unfair Business Practices (Bus. & Prof. Code §§ 17200, et seq.).** <br><br> **DEMAND FOR JURY TRIAL** |

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE 400, LOS ANGELES, CA 90064

**COMPLAINT**

1       Plaintiff Kenrick Murrell ("Plaintiff" or "Mr. Murrell") hereby files this complaint

2  against Defendant EG MEDIA INVESTMENTS LLC ("Defendant" or "the Company")

3  DOES 1-10, business entities, forms unknown; DOES 11-20, individuals; and DOES

4  21-30, inclusive (collectively "Defendants").  Plaintiff is informed and believes, and

5  based thereon alleges, unless otherwise indicated, as follows:

6  **I.**　**NATURE OF THE ACTION**

7  1.    Plaintiff files this action to recover damages and penalties, and to obtain other

8  remedies afforded by law, for, among other things, violations of the applicable

9  California Wage Orders, California Labor Code, and breach of contract.

10  2.    Plaintiff brings this action against Defendants for damages, including unpaid

11  wages, liquidated damages, statutory damages and associated statutory penalties,

12  emotional distress damages, other consequential and general damages, prejudgment

13  interest, costs, attorneys' fees, and other appropriate relief arising out of, or related to,

14  Defendants' unlawful conduct.

15  **II.**　**PARTIES, JURISDICTION, AND VENUE**

16  3.    Plaintiff Ken Murrell is an individual residing in the County of Los Angeles, State

17  of California and was employed by Defendant EG MEDIA INVESTMENTS LLC in the

18  County of Los Angeles.

19  4.    At all times herein mentioned Defendant EG MEDIA INVESTMENTS LLC and

20  DOES 1-10 ("Employer Defendants"), among other things, had authority over Plaintiff's

21  wages, other compensation, working conditions, and other terms and conditions of

22  Plaintiff's employment and/or business relationship with Defendants.

23  5.    At all times herein mentioned, Defendant EG MEDIA INVESTMENTS LLC was

24  and is a corporation organized under the laws of the State of Texas and licensed to do

25  business in the State of California, and, in concert with other Defendants, were and are

26  doing business in California, including the County of Los Angeles.

27  6.    Plaintiff is ignorant of the true names and capacities, whether individual,

28  corporate, associate or otherwise, of the Defendant sued herein under fictitious names

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE 400, LOS ANGELES, CA 90064

Does 1 through 30, inclusive, and for that reason sues said Defendant, and each of them, by such fictitious names.  Plaintiff is informed, believes, and thereupon alleges that each of the Defendant Does 1 through 30, inclusive, is and was in some manner responsible for, participated in, or contributed to the matters and things of which Plaintiff complains herein, and in some fashion, has legal responsibility, therefore.  When Plaintiff ascertains the names and capacities of the fictitiously named Defendant Does 1 through 30, inclusive, Plaintiff will seek leave to amend this Complaint to set forth such facts.

7.     Plaintiff is informed, believes, and thereupon alleges that each Defendant is, and at all times relevant herein was, the agent of its co-defendants, and in committing the acts alleged herein, was acting within the scope of its authority as such agent, and with the knowledge, permission, and consent of its co-defendants.

8.     Jurisdiction is proper pursuant to 28 U.S.C. 1332(a). As Defendant is a citizen of Texas under 28 U.S.C. 1332(c), Plaintiff and Defendant are citizens of different States and, thus, diverse.  The amount in controversy exceeds $75,000.

9.     Jurisdiction is also proper pursuant to 28 U.S.C. §§ 1331, 1337, and Section 16(b) of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq.

10.    This Court has supplemental jurisdiction over the related state law and local ordinance claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claims under the California Labor Code, the Unfair Competition Law, and California common law form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with his federal law claims, and the parties are identical. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

11.    Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(c) and 1391(b).  Plaintiff worked in and violations occurred in Los Angeles County, and the contract of employment was formed in Los Angeles County.

///

PAYTON EMPLOYMENT LAW, PC

CALIFORNIA EMPLOYMENT LITIGATION

11500 W. OLYMPIC BLVD., SUITE 400, LOS ANGELES, CA 90064

## III.        FACTUAL ALLEGATIONS

12.    Plaintiff was hired by Defendant's predecessors-in-interest in March 2004 as a sales account manager.  In or around 2017, Defendant acquired Plaintiff's previous employer, Lumina Media, and retained Plaintiff in the same position and role.  Plaintiff began his work for Defendant on or around December 19, 2017.  Plaintiff was required to work from his home in Los Angeles, California during his whole employment with Defendant.

13.    As a sales account manager, Plaintiff sold advertising space in Defendant's various magazine publications, which included monthly titles such as, *inter alia*, *Horse Illustrated, Hobby Farms, Chickens* and *Urban Farm*.  Plaintiff was a diligent and successful employee throughout his employment with Defendant, as evidenced by the numerous sales accounts he obtained, maintained, and grew significantly over the years.

14.    In or around the end of 2019, Plaintiff and Defendant entered into a draw commission earnings agreement.

15.    Plaintiff's draw commission earnings agreement for both 2020 and 2021 lacked any mention of circumstances or tasks that Plaintiff would need to complete in addition to closing a sale in order to earn his commission wages.  Thus, Plaintiff earned his commission wages once he closed a sale.  However, in violation of this agreement, Plaintiff was only paid his commission wages after clients paid their invoices—and in many cases was never paid a commission at all.

16.    Further, Plaintiff's draw commission earnings agreements provided that Plaintiff would always be paid at least 50% of his draw each pay period, even if Plaintiff did not earn that amount in commissions.  There were multiple pay periods where Plaintiff was not paid 50% of his draw.

17.    Plaintiff consistently worked eight (8) or more hours three (3) to five (5) days a week and forty (40) or more hours every week to complete his assigned tasks for Defendant.  However, Defendant paid Plaintiff only his commission, draw, partial draw, or, in some cases, nothing at all.

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE. 400, LOS ANGELES, CA 90064

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE. 400, LOS ANGELES, CA 90064

18.     Defendant failed to pay Plaintiff any overtime compensation or for all hours worked.  Defendant knew or should have known that Plaintiff was working such hours as Plaintiff's company-owned laptop computer was connected to Defendant's computer network through a secure remote VPN network that is strictly controlled by Defendant. Furthermore, Defendant knew Plaintiff's working hours as Plaintiff's manager would accurately remark upon them.  For instance, Plaintiff's manager would occasionally comment to Plaintiff that she saw he was starting work early for that day or he had worked late the night before.  Moreover, Defendant knew Plaintiff had clients and accounts in earlier times zones, which would necessitate contacting these clients earlier in the day than usual.

19.     Defendant routinely failed to timely pay Plaintiff his properly earned commissions, even after Plaintiff's clients paid their invoices. Plaintiff was notified when clients paid Defendant, and frequently a month or more would pass after the clients paid without Plaintiff being paid such earned commissions.

20.     Plaintiff Murrell made several protected complaints about not timely receiving his commission wages.

21.     In or around July 2019, Rima Dorsey ("Dorsey") was promoted by Defendant to the vice president of the sales department. From the onset, Dorsey began siphoning accounts from Plaintiff and reassigned them to herself and other employees that she personally hired.

22.     Dorsey grew increasingly frustrated with Plaintiff complaining about not receiving his properly earned commission. On multiple occasions, Dorsey told Plaintiff that he should agree to change his commission agreement with Defendant to get rid of the draw to avoid Defendant failing to timely pay Plaintiff his properly earned wages.

23.     Dorsey began retaliating against Plaintiff by further taking his accounts away from him and restricting his access to certain accounts. At the time of Dorsey's hire, Plaintiff had approximately 400 accounts and had strong relationships with all of his

accounts. At the time Plaintiff was wrongfully terminated, he was down to about 100 accounts because Dorsey had taken and reassigned his accounts.

24.     Dorsey would continually disrupt Plaintiff's access to his accounts on Magazine Manager, oftentimes without warning. This forced Plaintiff to continually reach out to and rely on Dorsey to grant him access to the accounts.

25.     In or around May 2021, Dorsey became frustrated with Plaintiff constantly complaining that he was not being timely paid his wages. In retaliation for these complaints, Dorsey terminated Plaintiff under the pretext that the company was "moving in a new direction" and that his termination was necessary as a result.  On belief and understanding, no other California sales positions were eliminated contemporaneously with Plaintiff.

26.     At the time of termination, Plaintiff Murrell had a lucrative book of business and was doing extremely well for the company. At the time of termination in May 2021, less than halfway through the calendar year, Plaintiff had earned more in commissions than he had during the entirety of the year 2020.  Plaintiff also provided additional sales when Dorsey would inform him that the department's earnings were low or the department lacked funds for a sponsorship.  On information and belief, Defendant is not as profitable as had been projected by Plaintiff's previous employer, Lumina Media.  Consequently, Dorsey and Defendant had a motive to terminate and also did terminate Plaintiff as a further pretext to avoid paying Plaintiff all of his outstanding commission wages he had earned up until termination.  This is further evidenced by the fact that, even after his termination, Defendant failed and refused to pay Plaintiff commissions that were earned well before his termination and were due prior to his termination.

27.     Upon information and belief, Plaintiff had in excess of 130 accrued, but unused, vested vacation hours at the time of his termination that were not paid out in full upon or after termination.

///

///

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE 400, LOS ANGELES, CA 90064

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE 400, LOS ANGELES, CA 90064

## IV.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

### LABOR CODE §§ 1194, 1197, AND 1197.1 AND WAGE ORDER 4-2001

### (Against all Defendants)

28.    Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

29.    As a pattern and practice, Defendants failed and refused to pay Plaintiff wages owed to him pursuant to Wage Order 4-2001 § 4 by, *inter alia*, failing to compensate Plaintiff for time spent suffered or permitted to work at the legal minimum wage level, and for all other hours worked.

30.    Labor Code § 558.1 provides that "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated . . . [Labor Code §] 1194 . . . may be held liable as the employer for such violation."

31.    As a result of Defendants violations of Labor Code §§ 1194, 1197, and Wage Order 4-2001 for failure to pay minimum wage, Plaintiff is entitled to recover unpaid minimum wage compensation and interest thereon, plus attorneys' fees and costs, in an amount to be established according to proof at trial.

### SECOND CAUSE OF ACTION

### LIQUIDATED DAMAGES FOR FAILURE TO PAY MINIMUM WAGES

### LABOR CODE § 1194.2

### (Against all Defendants)

32.    Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

33.    Pursuant to Labor Code § 1194.2, in any action under Section 1194 to recover wages as a result of payment less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

34.     Plaintiff was not paid at least the minimum wage for all hours worked, as required by the Labor Code and Wage Order 4-2001 § 4.

35.     Plaintiff is entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid and interest thereon, plus attorneys' fees and costs, in an amount to be established according to proof at trial.

### THIRD CAUSE OF ACTION

### BREACH OF CONTRACT

### (Against all Defendants)

36.     Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

37.     Pursuant to the terms of his agreement with Defendants, Plaintiff was promised that he would receive timely earned commission payments from Defendants for the accounts he maintained.  Plaintiff was further promised he would be paid at least 50% of his draw each pay period, even if Plaintiff failed to earn that amount in commissions during it.

38.     Plaintiff performed all work necessary to earn the aforementioned commission payments from Defendant

39.     Defendants breached the aforementioned contractual obligations to Plaintiff by failing to pay Plaintiff his properly earned commission payments. Defendants also breached the aforementioned contractual obligations to Plaintiff by failing to pay him 50% of his draw for multiple pay periods despite his commission earnings.

40.     Defendants' breach of its contractual obligations caused harm to Plaintiff in that Plaintiff was denied his properly earned wages pursuant to the terms of his contract with Defendants.

41.     Plaintiff suffered damages as a result of the breach in an amount to be determined according to proof at trial.

///

///

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE. 400, LOS ANGELES, CA 90064

## FOURTH CAUSE OF ACTION

**FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF LABOR CODE §§ 204, 510, 1194, AND WAGE ORDER 4 -2001**

**(Against all Defendants)**

42.  Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

43.  California Labor Code § 510 et seq. and Wage Order 4-2001 § 3 state that an employee must be paid overtime, equal to one and one-half (1 ½) times the employee's regular rate of pay, for all hours worked in excess of eight (8) hours in one workday and any work in excess of forty (40) hours in any one workweek and the first eight (8) hours worked on the seventh day of work in any one workweek.

44.  California Labor Code § 510 et seq. and Wage Order 4-2001 § 3 also states that any work in excess of twelve (12) hours in one day or in excess of eight (8) hours on the seventh day of work in any one workweek shall be compensated at the rate of no less than twice the regular rate of pay for an employee.

45.  Plaintiff is entitled to bring a civil action to recover on claims involving failure to pay overtime pursuant to Labor Code § 1194.

46.  On occasions where Plaintiff work/worked more than forty (40) hours per week and/or eight (8) hours per day, he was not paid all due overtime wages for such work as a result of Defendants' failure to compensate Plaintiff for work performed.

47.  On occasions where Plaintiff work/worked more than twelve (12) hours in one day and/or in excess of eight (8) hours on the seventh day of work in a workweek, he was not paid twice the regular rate for such work as a result of Defendants' failure to compensate Plaintiff for work performed.

48.  Defendants have failed and refused to pay correct overtime compensation to Plaintiff.

49.  Pursuant to California Labor Code § 1194, Plaintiff is entitled to recover unpaid overtime compensation, including interest thereon, plus attorneys' fees and costs, in an

1 amount to be proven at trial.

2 **FIFTH CAUSE OF ACTION**

3 **FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA**

4 **29 U.S.C. § 206; ACTION FOR LIQUIDATED DAMAGES**

5 **(Against All Defendants)**

6 50.    Plaintiff re-alleges and incorporates by reference the foregoing allegations as

7 though set forth herein.

8 51.    The Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*, applied

9 to Plaintiff's employment with Defendants at all times relevant herein.

10 52.    Section 206 of the FLSA, 29 U.S.C. § 206(a)(1)(C), mandates that employers pay

11 all non-exempt employees no less than the minimum wages for their work. Section 218

12 of the FLSA, 29 U.S.C. § 218(a), provides that employers pay such minimum wages as

13 established by state law, should it be higher than the federal minimum.

14 53.    Plaintiff was not exempt from the requirement that Defendants pay him minimum

15 wage under the FLSA.

16 54.    During the relevant period, Defendants did not pay Plaintiff for all hours

17 Defendant directed, engaged, suffered or permitted him to work.

18 55.    Defendant failed to pay Plaintiff all wages, as owed, for his work performed

19 during his employment, thus Defendant failed to pay at least minimum wages.

20 56.    As a result of Defendants' failure to pay Plaintiff during that time for wages owed,

21 he did not receive the at least the minimum wage for such hours worked performed.

22 57.    Defendants willfully, intentionally, and with reckless disregard failed to pay

23 Plaintiff the minimum wage for all his hours worked in violation of the FLSA.

24 58.    In addition, and distinctly, Defendant failed to pay Plaintiff for work performed,

25 on a timely or prompt basis, but instead delayed payment for months or more at a time.

26 As a result of such delay, Defendant failed to pay Plaintiff as required under the

27 requirements of the FLSA for such time and is therefore liable for liquidated damages

28 in an amount equal to the wages not promptly paid.

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE. 400, LOS ANGELES, CA 90064

59.     Because of Defendants' unlawful failure and refusal to pay Plaintiff minimum wages, Plaintiff is entitled, pursuant to § 216(b) of the FLSA, 29 U.S.C. § 216(b), to recover his unpaid minimum wages, including interest and liquidated damages thereon, in amounts to be proven at trial, as well as reasonable attorney's fees and costs.

## SIXTH CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA, 29 U.S.C. §§ 201, ET SEQ., INCLUDING 29 U.S.C. §§ 207; ACTION FOR LIQUIDATED DAMAGES

**(Against All Defendants)**

60.     Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

61.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

62.     The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees, such as Plaintiff, at the rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek.

63.     Plaintiff was not exempt from the provisions of the FLSA during his employment with Defendant and Plaintiff was an employee of Defendants during that relevant period. Thus, Plaintiff is entitled to overtime compensation for all overtime hours worked.

64.     Defendants did not pay Plaintiff for hours worked, including hours that exceeded forty hours per week.

65.     At all relevant times, Plaintiff regularly worked in excess of 40 hours per week.

66.     By requiring Plaintiff to work in excess of forty hours per week Defendant incurred the obligation to pay Plaintiff at a rate of not less than one and one-half times the regular rate of pay for such work performed, however, Defendants failed to do so and violated, the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(1).Defendants are therefore liable for liquidated damages in an amount equal to

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE 400, LOS ANGELES, CA 90064

1  the overtime wages not promptly paid.

2  67.    Defendants' violations, at all relevant times, were both knowing and willful within

3  the meaning of the FLSA because, among other reasons, Defendants have had actual

4  and/or constructive knowledge of Plaintiff working overtime hours for which he has not

5  been compensated at the rate of no less than one and one-half times his regular rate of

6  pay.

7  68.    Because of Defendants' unlawful failure and refusal to pay Plaintiff overtime

8  wages, Plaintiff is entitled, pursuant to § 216(b) of the FLSA, 29 U.S.C. § 216(b), to

9  recover his unpaid overtime wages, including interest and liquidated damages thereon,

10  in amounts to be proven at trial, as well as reasonable attorney's fees and costs.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 1102.5, ET SEQ.**

**(Against Employer Defendants)**

14  69.    Plaintiff re-alleges and incorporates by reference the foregoing allegations as

15  though set forth herein.

16  70.    Labor Code § 1102.5 (b) provides, in pertinent part, as follows: "An employer

17  may not retaliate against an employee for refusing to participate in an activity that would

18  result in a violation of state or federal statute, or a violation or noncompliance with a

19  state or federal rule or regulation."

20  71.    In doing the things herein alleged, Defendants, violated Labor Code § 1102.5(b)

21  in that Defendants retaliated against and terminated Plaintiff for making complaints

22  about Labor Code violations as set forth herein, including without limitation Defendants

23  unlawfully retaliating against Plaintiff.

24  72.    Plaintiff incurred damages as a result of Defendants' conduct that violated clear

25  public policy, which is articulated herein.

26  73.    As a proximate result of Defendants' conduct, Plaintiff has suffered actual,

27  consequential and incidental financial losses, including without limitation, loss of salary

28  and benefits, and the intangible loss of employment-related opportunities for growth in

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE 400, LOS ANGELES, CA 90064

his field and damage to his professional reputation, all in an amount subject to proof at the time of trial.

74.     Plaintiff claims such amounts as damages together with prejudgment interest pursuant to California Civil Code §§ 3287 and 3288.

75.     As a proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and has incurred, and will likely incur, medical expenses as a result.

76.     Plaintiff is informed and believes and therefore alleges that he will continue to experience said pain and physical and emotional suffering for a period in the future he cannot presently ascertain, all in an amount subject to proof at the time of trial.

77.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to reasonable and necessary attorney's fees in order to enforce his rights.

78.     An employee who was discharged or otherwise suffered an adverse employment action in violation of Labor Code § 1102.5 is entitled to reinstatement and reimbursement for lost wages.

79.     The actions taken toward Plaintiff described herein were carried out by and/or ratified by Defendants, and each of them, including DOES and/or managing agent employees of Defendants, all of whom acted in a despicable, oppressive, cruel, fraudulent, malicious, deliberate, deceitful, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to him of punitive damages in a sum appropriate to punish and make an example of Defendants.

80.     Defendants authorized and ratified the wrongful acts of their agents and employees, knew in advance that their agents and employees were likely to commit such acts and employed them with conscious disregard of the rights or safety of others, and/or their officers, directors, or managing agents were themselves guilty of oppression, fraud, and malice. Those who retaliated against Plaintiff were managing agents who were

vested with discretionary authority to make decisions affecting company policy regarding significant aspects of the Defendants' business. These managing agents acted with malice in engaging in the actions detailed herein in that they retaliated against Plaintiff because of the complained about California and federal statutory violations despite knowing it was illegal to do so under California law, in conscious disregard of Plaintiff's rights.  In engaging in the aforementioned conduct, Defendants aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of Labor Code § 1102.5 (b).

81.    As a further direct and proximate result of the above-described acts of Defendants, Plaintiff has necessarily incurred attorneys' fees and costs.

## EIGHTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against Employer Defendants)

82.    Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

83.    Irrespective of any employment contract, the Employer Defendants' right to discharge Plaintiff was subject to limits imposed by public policy of the State of California.

84.    It is settled that an employer's discharge of an employee in violation of a fundamental public policy embodied in a constitutional or statutory provision gives rise to a tort action for wrongful termination in violation of public policy.

85.    Employer Defendants' discharge of Plaintiff violated the public policy of the State of California, as expressed in provisions of the California Labor Code including but not limited to § 1102.5(b), which prohibits employers from retaliating against employees who make protected complaints.  An employer's violation of Labor Code § 1102.5(b) may serve as the basis of an action for wrongful termination in violation of public policy. See *Lazar v. Superior Court* (1996) 12 Cal. 4th 631.

86.    At all times herein relevant, Labor Code § 98.6 was in full force and effect.

California Labor Code section 98.6 provides that "(a) A person shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter […] or because of the exercise by the employee or applicant for employment on behalf of himself, herself, or others of any rights afforded him or her."

87.     It is the law and public policy of the State of California that no employer may retaliate against an employee because the employee asserted his or her legal rights, including protesting defendant's illegal wage and hour practices. (*Gould v. Maryland Sound Industries, Inc.* (1995) 31 Cal.App.4th 1137,1147; *Grant-Burton v. Covenant Care, Inc.* (2002) 99 Cal.App.4th 1361 (wrongful termination due to communication about wage issues); *Hentzel v. Singer* (1982) 138 Cal.App.3d 290,296 (California has long maintained a policy of protecting the right of employees to voice their dissatisfaction with working conditions); *Phillips v. Gemini Moving Specialists* (1998) 63 Cal.App.4th 563 (Labor Code sections form the basis of a violation of public policy based on wage complaints).

88.     Plaintiff's discharge violated the public policy of the State of California, as expressed in provisions of, Government Code §§ 98.6, 1102.5, et seq. which prohibits retaliation in employment on the basis of reporting and resisting unlawful conduct and engaging in the rights of an employee.

89.     Plaintiff's employment was suddenly terminated after Defendant engaged in a pattern of retaliation against Plaintiff for making protected complaints, which ultimately resulted in Defendants terminating Plaintiff.

90.     Furthermore, employer Defendants' discharge of Plaintiff violated the public policy of the State of California as expressed in, but not limited to, California Labor Code §§ 201, 202, and 216, which codifies the full and prompt payment of earned wages due to an employee.  Terminating an employee in order to avoid paying them all earned and due wages may serve as basis for a wrongful termination action. *McCollum v.*

*XCare.net, Inc.*, (2002) 212 F.Supp.2d 1142.

91.    Plaintiff's employment was terminated after Defendant engaged in patterns of refusing to pay Plaintiff all of his earned commissions and attempting to siphon Plaintiff's commissions and profitable accounts away from him specifically.  Upon and since his termination, Defendant has denied Plaintiff full and prompt payment of all his earned and due commission wages.

92.    Such actions are unlawful in violation of the laws and public policy of the State of California, and have resulted in damages and injury to Plaintiff, including general damages in an amount to be proven at trial.

93.    As a direct and proximate result of said wrongful acts by Defendants, Plaintiff has suffered and will continue to suffer substantial losses in earnings and other employment benefits, along with other incidental and consequential damages and losses, all in an amount to be proven at the time of trial.  Plaintiff claims such amount as damages together with prejudgment interest pursuant to Civil Code § 3287 and any other provision of law providing for prejudgment interest.

94.    As direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, future loss of earnings, loss of status and future status, loss of other employment benefits and job opportunities all to his damage in a sum to be established according to proof.

95.    As a direct and proximate result of said wrongful acts by Defendants, Plaintiff has incurred attorneys' fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

## NINTH CAUSE OF ACTION

## FAILURE TO PAY WAGES PROMPTLY AFTER TERMINATION/WAITING TIME PENALTIES UNDER LABOR CODE §§ 202 AND 203

### (Against all Defendants)

96.    Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

97.    California Labor Code § 202 requires employers to pay all compensation due and owing to their employees within 72 hours of resignation.

98.    California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Section 202, then the employer is liable for such "waiting time" penalties in the form of continued compensation up to thirty workdays.

99.    Defendants, terminated the employment relationship with Plaintiff, failed to pay all of Plaintiff's wages due promptly upon his termination as proscribed by Labor Code § 202. To date, the Defendants have still not paid Plaintiff all earned wages.

100.   Plaintiff is informed and believes and based thereon alleges that the Defendants willfully failed to pay Plaintiff's wages pursuant to the requirements of Labor Code § 202, and therefore Plaintiff is entitled to recover unpaid wages, waiting-time penalties under Labor Code § 203, plus attorneys' fees and costs, in an amount to be proven at trial.

**TENTH CAUSE OF ACTION**

**FAILURE TO PAY VESTED VACATION TIME**

**LABOR CODE §§ 227.3 AND 201**

**(Against All Defendants)**

101.   Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

102.   Labor Code § 227.3 provides that ". . . whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off [his] vested vacation time, all vested vacation shall be paid to [him] as wages at [his] final rate . . ."

103.   Labor Code § 201 requires employers to pay all compensation due and owing to their employees immediately upon discharge.

104.   Defendant failed to timely pay Plaintiff all wages vested vacation as required by Labor Code §§ 201 and 227.3. To date, Defendant has still not paid Plaintiff all earned

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE 400, LOS ANGELES, CA 90064

vested vacation wages.

105.   Defendant willfully failed to pay Plaintiff wages pursuant to the requirements of Labor Code § 227.3, and therefore Plaintiff is entitled to recover those unpaid wages, interest thereon pursuant to Labor Code § 218.6, plus attorneys' fees and costs pursuant to Labor Code § 218.5, in amounts to be established according to proof at trial.

## ELEVENTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES IN VIOLATON OF

### BUS. & PROF. CODE §§ 17200, ET SEQ.

**(Against All Defendants)**

106.   Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

107.   Business and Professions Code § 17200 prohibits unfair competition in the form of any

unlawful, unfair, or fraudulent business act or practice.

108.   Business and Professions Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the Unfair Competition Law.

109.   Defendants have committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Business and Professions Code § 17200, *et seq.* by failing to pay overtime wages, double-time wages, vested vacation wages, and minimum wages.

110.   The above-described unlawful actions of such Defendants constitute false, unfair, fraudulent and/or deceptive business practices, within the meaning of Business and Professions Code §§ 17200, *et seq*.

111.   Plaintiff is entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.  Plaintiff brings this cause individually and as members of the general public as a representative of all others subject to Defendants' unlawful acts and practices.

112.   As a result of their unlawful acts, such Defendants have reaped and continue to reap unfair benefits at the expense of Plaintiff and the general public.

113.   Defendants should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to Plaintiff the wrongfully withheld wages pursuant to Business and Professions Code § 17200, *et seq*.  Plaintiff is informed and believes, and thereupon alleges, Defendants are unjustly enriched as a result of their failure to pay commission wages, double-time wages, minimum wages, vested vacation pay, and waiting time penalties, and failure to furnish timely and accurate wage statements.

114.   Plaintiff is informed and believes, and thereupon alleges, that Plaintiff is severely prejudiced by Defendants' unfair trade practices.

115.   As a direct and proximate result of the unfair business practices of Defendants, Plaintiff is entitled to equitable and injunctive relief, including full restitution, disgorgement, and/or specific performance of payment of all wages and pay that have been unlawfully withheld from Plaintiff, as a result of the business acts and practices described herein and enjoining Defendants to cease and desist from engaging in the practices described herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff pray as follows:

1.   That the Court declare that Defendants' policy and/or practice of failing to pay wages to Plaintiff for all hours worked violates Labor Code §§ 204, 510, 558, 1194, and 1197;

2.   That the Court declare that Defendant has violated Labor Code §§ 201-203 by willfully failing to pay compensation due at the time of termination of employment or within 72 hours thereafter;

3.   That the Court declare that Defendants violated the FLSA, 29 U.S.C. § 201, *et seq.*, by failing to pay minimum wages for all hours worked and failing to pay overtime for all hours worked that qualified as overtime pay;

4.   An award of damages in the amount of unpaid wages (including overtime

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE 400, LOS ANGELES, CA 90064

compensation, double-time compensation, and unpaid minimum wage compensation), and liquidated damages thereon, interest, and penalties subject to proof at trial;

5.      For an award to Plaintiff of waiting-time penalties, pursuant to Labor Code § 203;

6.      That the Court declare that Defendants wrongfully terminated against public policy of California;

7.      That the Court declare that Defendants retaliated against Plaintiff for protected activities, in violation of Labor Code § 1102.5, *et seq.*;

8.      That the Court declare that Defendants breached its contract with Plaintiff;

9.      For an order permanently enjoining Defendants from engaging in the practices alleged herein;

10.     That the Court declare that Defendants' above-mentioned policies and/or practices violate Bus. & Prof. Code §§ 17200, *et seq.* and Labor Code § 2698 *et seq.;*

11.     For an order that Defendants make restitution to Plaintiff for Defendants' unlawful business practices, as described herein, pursuant to Business and Professions Code §§ 17200, *et seq.*;

12.     For an award of Plaintiff's costs of suit, including attorneys' fees under any applicable statutory or contractual basis, including Code of Civil Procedure § 1021.5, Labor Code §§ 218.5, 226, 226.7, and 1194, and 29 U.S.C. § 216(b), and for prejudgment interest under Civil Code § 3287 or 3288, Labor Code §§ 226.7 or 510, and any other applicable statutory or contractual basis; and

13.     For such other and further relief as the Court deems just and proper.

                                        Respectfully submitted,

Dated: August 9, 2022                   **PAYTON EMPLOYMENT LAW, P.C.**


                                        By:/s/ Brooke Wilkinson Waldrop
                                        Chantal McCoy Payton, Esq.
                                        Brooke Wilkinson Waldrop, Esq.
                                        Attorneys for Plaintiff
                                        KENRICK MURRELL

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE. 400, LOS ANGELES, CA 90064

## __DEMAND FOR JURY TRIAL__

Plaintiff Kenrick Murrell hereby demands a jury trial for the causes of action set forth herein.

Dated: August 9, 2022

**PAYTON EMPLOYMENT LAW, P.C.**

By:/s/ Brooke Wilkinson Waldrop
Chantal McCoy Payton, Esq.
Brooke Wilkinson Waldrop, Esq.
Attorneys for Plaintiff
KENRICK MURRELL

**PAYTON EMPLOYMENT LAW, PC**
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE 400, LOS ANGELES, CA 90064